Argued and submitted August 27, ballot measure explanatory statement certified without modification August 30, 1996

Clyde V. BRUMMELL
and Henry Kane,
*Petitioners,*

*v.*

Theodore R. KULONGOSKI,
Attorney General,
Phil Keisling, Secretary of State,
and Tom Walsh, Bob Tiernan, Don McIntire,
Ken Baker and Kathleen Beaufait, Members, Citizens
Explanatory Statement Committee for Measure 32,
*Respondents.*

(SC S43491)

922 P2d 666

Clyde V. Brummell and Henry Kane, petitioners *pro se*, filed the petition. Mr. Kane argued the cause and filed the reply brief.

Michael D. Reynolds and Mary H. Williams, Assistant Attorneys General, Salem, argued the cause for respondent. With Philip Schradle and Mary H. Williams, Assistant Attorneys General, on the answering memoranda were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

This is an original proceeding in which petitioners challenge the explanatory statement for 1996 Ballot Measure 32. The 1996 legislature passed Measure 32, also known as House Bill 3480, during a special session. However, the measure has been referred to the voters pursuant to Article IV, section 1(3)(b), of the Oregon Constitution.

An explanatory committee, comprised of five citizens, prepared an explanatory statement for Measure 32 and filed that statement with the Secretary of State. ORS 251.205; ORS 251.215(1). On July 30, 1996, the Secretary of State held a hearing in order to receive comments on the prepared explanatory statement. ORS 251.215(2). Petitioners are electors who offered suggestions at the Secretary of State's hearing on the prepared explanatory statement. Consequently, petitioners are entitled to seek a different statement in this court. ORS 251.235.

We have considered each of petitioners' arguments concerning the prepared explanatory statement. We conclude that none of those arguments demonstrates a failure on the part of the explanatory committee to prepare "a sufficient and clear statement of the measure and its effect." *See Teledyne Wah Chang Albany v. Powell*, 301 Or 590, 593, 724 P2d 319 (1986) (describing this court's standard of review); *see also* ORS 251.235 (stating that a petition to review an explanatory statement must state the reasons why the prepared statement is "insufficient or unclear"). We therefore certify, without modification, the following explanatory statement:

### "AUTHORIZES BONDS FOR PORTLAND AREA LIGHT RAIL, TRANSPORTATION PROJECTS

"Measure 32 is a referral by the people of a bill passed by the legislature at a special session in February 1996. The measure provides up to $750 million for funding of transportation projects throughout Oregon. Measure 32 is designed to do two things:

"(1)  To provide the state's share, $375 million, to fund the first construction stage of the Tri-Met South North

light rail project, beginning near the Clackamas Town Center.

"(2)   To establish a Transportation Equity Account of $375 million to be used for transportation projects throughout the state outside the urban growth boundary of the Portland Metropolitan region. The Account may be used for capital projects for, or operation of, land, air or water modes of transporting people and goods. These may include improvements, facilities, equipment, structures and rolling stock used or useful in connection with streets, roads, highways, air transport, water transport, rail transport, bus transport, bicycles and pedestrians.

"Oregon State Lottery-backed bonds are to be sold to raise the principal sum of up to $490 million, plus bond issuance costs and reserves, to meet part of the costs of the projects. For details on paying both the principal and interest on the bonds, please refer to the Fiscal Impact statement. The State is not required to pay off the bonds and interest from any source other than lottery funds. The taxing power of the state cannot be pledged to pay off the bonds but the legislature may use other state moneys to do so.

"Moneys in the Transportation Equity Account for projects outside the Portland Metropolitan region will come from the following sources:

"(1)   $110 million from the state General Fund, available over a ten-year period beginning in 1999.

"(2)   $75 million provided through new funding mechanisms to be proposed to the next legislature.

"(3)   $115 million from Lottery-backed revenue bonds, available when the South North bonds are sold.

"(4)   $75 million over ten years that would otherwise be available for projects in the Portland Metropolitan region as follows:

"(a)   $8 million per year for five years beginning in 1999, $6 million of which comes from federal transportation funds and $2 million of which comes from lottery funds or other local government funds; and

"(b)   $7 million per year for five years beginning in 2004, $5 million of which comes from federal transportation funds and $2 million of which comes from lottery funds or other local government funds.

"If funds for the Transportation Equity Account do not total $375 million, the legislature would be required to make up the difference.

"Measure 32 prohibits sale of the authorized bonds or the distribution of any money for transportation projects unless and until federal funds are approved, based on assurances of availability of local funding, but no moneys are to be allocated or distributed until 1999."

Ballot measure explanatory statement certified without modification. Pursuant to ORAP 1.20(4) and notwithstanding ORAP 11.30(10), this opinion will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment at 12:00 noon on September 4, 1996, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator by that time. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration.